

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir: 

Opinion No. O-3969
Re: Constable may make arrests
without warrant (in instances
authorized by law) in his
entire county, both in and
outside his own precinct.
He may execute warrants of
arrest anywhere within the
State.

Your request for opinion has been received and
carefully considered by this department. We quote from
your  request as follows:

"The Constable of Justice Precinct
No. 3, of Wilson County, Texas, who is
patroling the highways of his justice pre-
cinct, and filing traffic violations, has
recently also patroled the highway beyond
his precinct and has worked on the high-
way outside of his precinct, in justice
precinct no. 6. All violations of the
traffic laws, wherein he gave tickets out-
side of his precinct were made returnable
to the precinct wherein the arrests were
made and filed in the justice precinct
were the offense was committed. It is
said that Justice precinct No. six has no
constable, and that the citizens of that
precinct requested him to work their pre-
cinct.

"Will you please answer the following
questions:

"1. Can a Constable, duly elected, qualified and acting for one precinct, prompted by his own desire, go out of his precinct and make arrests, and file cases in the justice court of the precinct where the offense was committed?

"2. Can a Constable, duly elected, qualified and acting for one precinct, by the request of citizens of another justice precinct, go out of his justice precinct and patrol the highways, in other words, work the highways, arrest for traffic violations, and file the same in the justice precinct where the violations occured?"

Articles 6885 and 6889, Vernon's Annotated Texas Civil Statutes, provide:

"Art. 6885. Each constable shall execute and return according to law all process, warrants and precepts to him directed and delivered by any lawful officer, attend upon all justice courts held in his precinct and perform all such other duties as may be required of him by law."

"Art. 6889. Every constable may execute any process, civil or criminal, throughout his county and elsewhere, as may be provided for in the Code of Criminal Procedure, or other law."

The constable is a peace officer. See Article 36, Vernon's Annotated Texas Code of Criminal Procedure.

Article 37, Vernon's Annotated Texas Code of Criminal Procedure, provides that "it is the duty of every peace officer to preserve the peace within his jurisdiction."

Article 212, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

Honorable D. Richard Voges, Page 3

"Art. 212. A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.'"

Article 803, Vernon's Annotated Texas Penal Code, reads as follows:

"Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of the preceding articles of this chapter."

Article 223, Vernon's Annotated Texas Code of Criminal Procedure, relates to a "Warrant of arrest" and provides that such a warrant:

"Issued by any county or district clerk, or by any magistrate (except county commissioners or commissioners court, mayors or recorders of an incorporated city or town), shall extend to any part of the state; and any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in the state."

The case of Henson v. State, 49 S. W. (2d) 463, holds that Article 223, V. A. T. C. C. P., authorizing the sheriff to serve warrants outside his county does not extend his authority to arrest without a warrant outside the county, and that a sheriff and deputy making an arrest and searching an automobile outside the county without a warrant stand in the same relation to search as private citizens.

Opinion No. O-1240 of this department holds that a constable has the authority to execute a warrant of arrest not only in every precinct within his own county, but as well in any county in the State, and is entitled to the fees and mileage provided by law therefor.

We quote from 38 Tex. Jur., p. 434:

750

> "The power of arrest possessed by a
> constable and a city marshall also extends
> to the whole county, and beyond when act-
> ing under a lawful warrant, since they are
> peace officers." (Citing the case of New-
> burn v. Durham, 21 S. W. 195)

This department has repeatedly held that a constable
has authority to make arrests without warrant (in the instances
provided by law) anywhere in his county either in or outside
his own precinct. See the following opinions:

Opinion dated May 21, 1931, written by Hon. E. F.
Johnson, Assistant Attorney General, addressed to Hon. H. G.
Bennett, County Attorney, Dumas, Texas.

Opinion dated October 13, 1936, written by Hon.
R. E. Gray, Assistant Attorney General, addressed to Sheriff
Tom Abel, Lubbock, Texas.

Opinion No. O-1565 of this department, dated Novem-
ber 24, 1939.

You are respectfully advised that it is the opin-
ion of this department that a constable may lawfully make
an arrest in a precinct other than his own in his county
without a warrant when he would be authorized by law to make
the arrest without warrant in his own precinct; and that
while it is his primary duty under Article 37, V. A. T. C. C. P.,
to preserve the peace within his own precinct, still his
jurisdiction is co-extensive with the limits of the county.
It also follows that the constable would have authority to
execute warrants of arrest anywhere in his county.

It is also our opinion that the constable would
have authority to file complaints upon the arrests described
in your letter in the justice court of the precinct where the
offenses were committed.

It is our further opinion that the constable may
execute warrants of arrest anywhere within the State.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED OCT 1, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:GO

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN